COLÓN, APPELLANT, v. REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Sale.

No. 370.—Decided June 29, 1918.

RECORD OF TITLE—CONJUGAL PARTNERSHIP—HEIRS.—The purchase of a property having been agreed upon during the existence of the conjugal partnership and a part of the purchase price having been paid by the husband as a member of such partnership, the property is understood to have been acquired by the conjugal partnership, and after the death of the husband the widow cannot sell, without the assent of his heirs, a part of the property so acquired, although the sale may have been negotiated after the death of the husband.

The facts are stated in the opinion.

*Mr. V. Polanco de Jesús* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public instrument executed before Notary Francisco Y. Náter y Rivera in the town of Manatí on August 9, 1895, Isidora Millán, joined by her lawful husband, Máximo Torres, sold to Antonio José Colón a property of twenty acres of land situated in Pozas ward of the Municipal District of Ciales for the sum of 400 *pesos,* said property having been segregated from another property of forty acres of land, containing a dwelling-house, which she claimed to have purchased from Francisco Javier Rivera y Ortiz, as shown by a deed executed before Notary Francisco Tomás in the town of Ciales on June 26, 1875.

The said deed of August 9, 1895, was presented in the Registry of Property of Arecibo for record, together with the earlier deed of June 26, 1875, and the registrar refused to record the same for the reasons stated in the following decision:

"After examining the original title deed referred to in the foregoing instrument, the latter is denied admission to record because it appears from the former that a part of the purchase price of the main property from which the part sold was segregated was paid by Juan Eugenio de Rivera, the first husband of Isidora Millán, the said property being therefore community property; and said Isidora Millán has not shown by any document that a liquidation of the said community was made, by virtue of which the said property belonged to her exclusively. A cautionary notice is entered, etc."

Antonio J. Colón appealed from the above decision to this court.

It appears from the deed of June 26, 1875, that Francisco Javier Rivera y Ortiz sold to Isidora Millán, widow of Juan Eugenio Rivera, who was represented in the deed by Vicente Martínez, her duly authorized agent to accept the title conveyed, a property of forty acres of land of which the segregated portion subsequently sold to Antonio J. Colón

formed a part, and that the property of forty acres was sold for the sum of 300 *pesos,* of which amount the vendee had received 236 *pesos* from the said Juan Eugenio Rivera before his death and the balance of 64 *pesos,* completing the 300 *pesos,* from his widow, Isidora Millán, the vendee.

As is seen, the greater part of the purchase price of the property of forty acres was paid by the first husband of Isidora Millán, which shows that the purchase was negotiated during the wedlock of Juan Eugenio Rivera and Isidora Millán although it was perfected when Isidora Millán was a widow. The property, therefore, was acquired by the conjugal partnership and the widow can not now dispose of the twenty acres sold to Antonio J. Colón without the consent of the heirs of her deseased husband and in utter disregard of the rights which may be vested in them.

For the foregoing reasons the decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.